UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DESHAWN LAMAR WEST,

    Defendant.

Case No. 3:20-MJ-5073 TLF

DETENTION ORDER

I.    INTRODUCTION

The Court, having conducted a detention hearing under 18 U.S.C. § 3142(f), concludes that there are no conditions, or combination of conditions the defendant can meet that would reasonably assure the defendant's appearance as required or the safety of any other person and the community.

The Court considered the entire set of documents, all the proffers and arguments presented during the hearing on March 30, 2020,

The defendant waived physical presence in the Court and consented to participate in the hearings on March 30, 2020 by video conference. Dkt. 9. The defendant was present at the United States Courthouse for the Western District of Washington – but was located in another courtroom within the same courthouse in in Tacoma, Washington as the courtroom where Magistrate Judge Fricke was conducting the hearing on March 30.

DETENTION ORDER - 1

1  Defense counsel and Mr. West were advised by the Court that if either of them
2  wanted to have the opportunity to talk in a confidential attorney-client consultation by
3  telephone during the hearing – they should alert the Court; and the Court provided an
4  opportunity for such a conversation by taking a recess during the hearing.

5  The defense attorney and the Assistant United States Attorney participated in the
6  hearings by telephone. The Judge and Deputy Clerk of Court were present in the Court.

7  These measures were taken to comply with the protocol published by The
8  Honorable Ricardo S. Martinez, Chief Judge of the United States District Court for the
9  Western District of Washington – including General Order 03-20 and General Order 04-
10 20, along with the General Orders that preceded these, relating to the Coronavirus
11 pandemic.

12 The area that is served by the Western District of Washington was, and currently
13 is, affected by this Novel Corona Virus, COVID-19 pandemic during March of 2020, as
14 described in Governor Inslee's many proclamations (e.g., 20-06, 20-07, 20-08, 20-09,
15 20-10, 20-11, 20-12, 20-13, 20-14, 20-25, et. seq.), and as evidenced by information
16 published on the Washington State Coronavirus Response COVID-19 website.
17 https://www.coronavirus.wa.gov

18 On March 23, 2020), the President of the United States declared that a major
19 disaster exists in the State of Washington, and ordered Federal assistance due to
20 COVID-19 in affected areas beginning on January 20, 2020 and continuing – as
21 announced on March 22, 2020: https://www.whitehouse.gov/briefings-
22 statements/president-donald-j-trump-approves-washington-disaster-declaration-2/

23
24
25

DETENTION ORDER - 2

II.   ANALYSIS

The defendant is charged by Complaint in the United States District Court for the Western District of Washington with two felony counts: In Count One, it is alleged that on or about September 20, 2019 through on or about October 1, 2019 – Mr. West committed the offense of Felon in Possession of a Firearm in the Western District of Washington and in the District of Montana. In Count Two, Mr. West is alleged to have committed Felon in Possession of a Firearm on or about February 14, 2020 in Pierce County, Washington. Dkt. 1, Complaint at pp. 1-2

The defendant is entitled to a presumption of innocence, and under the Bail Reform Act the Court is required to determine – taking into full consideration the defendant's constitutional rights and that the defendant is presumed innocent – whether the defendant should nevertheless be detained pending trial. *Taylor v. Kentucky,* 436 U.S. 478 (1978); *United States v. Motamedi,* 767 F.2d 1403, 1408 (9th Cir. 1985).

The Court must hold a hearing to determine whether any condition or combination of conditions set forth in 18 U.S.C. § 3142(c) "will reasonably assure the appearance" of the defendant and "the safety of any other person and the community." 18 U.S.C. § 3142(f)(1)(A). Government's Motion for Detention, Dkt. 6.

The Court—in determining whether release will reasonably assure the defendant's appearance as required and for the safety of any other person and the community—must take into account "the available information" concerning:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence. . .;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

DETENTION ORDER - 3

    (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B)    whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). The weight of the evidence is the least important factor to consider. *Motamedi*, 767 F.2d at 1406.

Although the factors listed in 18 U.S.C. § 3142(g) permit this Court to consider the nature of the offense currently charged, and the evidence of guilt, these factors are considered only in the context of evaluating the likelihood that the person will fail to appear or will pose a danger. *Motamedi,* 767 F.2d at 1408. Even if a defendant poses a danger to others or to the community, the defendant must be released when the Court determines there would be a "condition or combination of conditions [that] will reasonably assure. . .the safety of any other person and the community." *United States v. Hir,* 517 F.3d 1081, 1091-92 (9th Cir. 2008).

Regarding risk of dangerousness concerning the safety of any person or the community, the government's burden of proof is "clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B). The government bears the burden of proving risk of non-appearance or risk of flight by "a clear preponderance of the evidence." *Motamedi*, 767 F.2d at 1406-07; *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990).

The Court finds that the government has met its burden regarding both the risk of dangerousness to others and to the community, and the risk of flight or failure to appear. In Mr. West's favor, the Court considered his proffer of evidence that he is a longtime resident of the state with stable ties to this jurisdiction, that he has strong connections to family and friends in the area, and that the defendant would be able to reside in his Mother's home and live with his family. Dkt. 3, Pretrial Services Report at 2. The Court finds these factors are outweighed by the evidence presented by the government, both in the Complaint and on proffer, regarding the defendant's criminal history, his failure to abide by the terms of supervision in the past, and the circumstances of the current charges in federal court.

The Court is not persuaded that Mr. West's ties to the community and family support, combined with any of the pre-trial restrictions, would mitigate the flight risk or risk of danger to the community or to specific persons; there are no conditions or combination of conditions that would reasonably ensure Mr. West's compliance with the terms of release into the community. Mr. West has repeatedly demonstrated that he would violate court orders, and the evidence indicates that he may have access to firearms that would facilitate violence.

The Court is concerned – based on the defendant's behavior and criminal history -- that the defendant would disrespect court orders and decide not follow whatever orders the Court would put into a list of conditions of supervision. The Court finds that there is a high probability that Mr. West would violate bond and conditions of release if this Court were to enter such an order. The defendant has multiple felony convictions for serious offenses, including Assault Second Degree with a Deadly Weapon, and

Unlawful Possession of a Firearm. Dkt. 3, Pretrial Services Report at 5. Most recently, Mr. West was convicted of Assault in the Second Degree, in Pierce County Superior Court – for a drive-by shooting. *Id.* While on supervision for that offense, the Mr. West allegedly committed the offenses charged in the current case. *Id.* According to the Pretrial Services' Officer's presentation during the hearing, and according to the Pretrial Services Report, Mr. West absconded from supervision and left the State of Washington to go to Montana. *Id.* He was residing with his Mother while on supervised release with the Washington State Department of Corrections – his Mother's home is the same residence he now proposes to be released to in this case – and he left that home when he absconded to Montana.

The defense also argued during the hearing that Mr. West should not be detained, because he was previously housed at the Pierce County Jail, and defense counsel asserted there are reports that at least one non-uniformed staff person at the Pierce County Jail had been diagnosed with COVID-19 Coronavirus disease. The defense argues that the COVID-19 pandemic warrants Mr. West's release -- to reduce his risk of contracting the disease while detained pending trial – and to protect others from any potential exposure he may have had while detained at the Pierce County Jail in Tacoma, Washington.

Although the Bail Reform Act provides consideration for a defendant's "physical and mental health" in determining release, defendant has not shown that COVID-19, alone, is a sufficient reason to release him. The Court is aware of the impact that COVID-19 is having on the Western District of Washington community locally and in the national and global community. The situation is rapidly changing; according to the

DETENTION ORDER - 6

1 Bureau of Prisons' website, there have been reported cases of inmates and staff at
2 facilities in other states, who have tested positive within the Bureau of Prisons ("BOP")
3 system since the filing of defendant's motion.

4 (*See* https://www.bop.gov/coronavirus/index.jsp.)

5 Yet, any person in our community at this time could potentially be exposed to
6 others who are ill with COVID-19 disease or are otherwise carrying this Novel
7 Coronavirus. The defense argument about COVID-19 health risks, if accepted as a
8 substantive reason for release, would apply to virtually any pretrial detainee in the
9 United States at this time of global pandemic. *U.S. v. Leonardo Munguia,* No. 3:19-cr-
10 191-B (03), 2020 WL 1471741 (N.D. Texas, Dallas Div. March 26, 2020) at *4
11 ("Defendant's argument . . . applies equally to anyone in custody or, for that matter, at
12 the halfway house or anywhere else in this community or any other. . . .[T]he Court
13 cannot release every detainee at risk of contracting COVID-19 because the Court would
14 then be obligated to release every detainee").

15 III. ORDER

16 It is therefore **ORDERED:** The Government's motion for detention (Dkt. 6),
17 is GRANTED.

18 (1) Defendant shall be detained pending trial and committed to the custody of
19 the Attorney General for confinement in a correctional facility separate, to the extent
20 practicable, from persons awaiting or serving sentences, or being held in custody
21 pending appeal;

22 (2) Defendant shall be afforded reasonable opportunity for private
23 consultation with counsel;

24
25

DETENTION ORDER - 7

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

Dated this 1st day of April, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

DETENTION ORDER - 8